IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TEREL DARNELL DIXON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-1741 |
| | ) | Judge David Stewart Cercone/ |
| MICHAEL WENEROWICZ, (Supt. Of | ) | Chief Magistrate Judge Maureen P. Kelly |
| S.C.I. Graterford); JOHN WETZEL, | ) | |
| (Deputy Sec. of P.A. D.O.C.); KATHLEEN | ) | |
| KANE, Attorney General's Office; | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS; TREVOR WINGARD, | ) | |
| (Supt. of S.C.I. Somerset); RAYMOND | ) | |
| SOBINA, (Deputy Dir. of West. Region), | ) | |
| DISTRICT ATTORNEY OF BEAVER | ) | |
| COUNTY, | ) | |
| Respondents. | ) | |

## ORDER

Terel Darnell Dixon ("Petitioner") is a state prisoner who has filed an Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 9, seeking to attack his state court conviction for third degree murder.

The case was referred to Chief Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Kelly's Report and Recommendation, ECF No. 60, filed on January 24, 2017, recommended that the Amended Petition be dismissed because Petitioner violated the AEDPA one year statute of limitations by three days and that he failed to carry his burden to show entitlement to equitable tolling. Petitioner was informed that he could file Objections to the Report. After being granted an extension of time in which to file his

Objections, Petitioner filed a 21 page Objection to the Report, ECF No. 63 and a 17 page Brief in Support of Objections, ECF No. 64.

Nothing in Petitioner's Objections or in the Brief in Support merits rejection of the Report.

**A. The Post Sentence Motion did not statutorily toll the AEDPA limitations period.**

We note that in his Brief in Support of his Amended Petition, Petitioner conceded that this case was not filed within one year of his conviction becoming final due to his Petition being filed two days beyond the one year statute of limitations. ECF No. 13 at 4 ("As such, the Petition will appear to be untimely on its face by approximately 2 (two) days."). Accordingly, the Report conducted its own analysis of the AEDPA statute of limitations and found that indeed the case was filed three days late. The Report further concluded that other than the first Post Conviction Relief Act ("PCRA") Petition, which statutorily tolled the AEDPA statute of limitations, Petitioner was not entitled to any other statutory tolling. The Report also concluded that Petitioner failed to show entitlement to any equitable tolling.

In his Objections for the first time, Petition contends that this case was timely filed, arguing for the first time in this case that the pro se Post Sentence Motion to Modify and Reduce Sentence (the "Post Sentence Motion") filed in the Court of Common Pleas on February 9, 2012, was, under state law, a properly filed first PCRA Petition, and, as such, statutorily tolled the AEDPA statute of limitations during its pendency from February 9, 2012 until February 21, 2012 when the Court of Common Pleas denied the Post Sentence Motion as being untimely filed. ECF No. 64 at 3- 6. The Court is not convinced.

There are at least two problems with Petitioner's argument. Firstly, as noted Petitioner had conceded that his Petition was untimely and argued merely for the equitable tolling of the statute

2

of limitations based upon principles of equity and for statutory tolling based upon the time during the pendency of Petitioner's first PCRA petition, which was filed on June 27, 2012. Now, for the first time in these proceedings, in his Objections to the Report, Petitioner argues that his Post Sentence Motion was a PCRA petition which entitled him to statutory tolling. This argument is unavailing as having been raised for the first time in Objections. See, e.g., De Cuir v. County of Los Angeles, 223 Fed. Appx. 639, 641 (9th Cir. 2007)("The district court did not abuse its discretion in declining to consider evidence De Cuir presented for the first time in his objections to the magistrate judge's report recommending summary judgment for defendants."). Indeed, "[f]or the district judge to review new evidence or arguments [raised in objections]'would reduce the magistrate's work to something akin to a meaningless dress rehearsal.'" In re Consolidated RNC Cases, 05 Civ. 1564, etc., 2009 WL 130178, at *10 (S.D.N.Y., Jan. 8, 2009)(quoting, Wong v. Healthfirst, Inc., No. 04 Civ. 10061(DAB), 2006 WL 2457944, at *1 (S.D.N.Y. Aug. 23, 2006)(some internal quotation marks omitted)). Because Petitioner failed to raise the argument that he was entitled to statutory tolling given that his Post Sentence Motion was really a PCRA petition, the Court will not consider this argument now for the first time raised in Objections.

Secondly, even if this Court were to consider the argument raised for the first time in Objections, the Court is not convinced. Petitioner contends that under state law, the Court of Common Pleas was required to treat his untimely filed Post Sentence Motion as a properly filed PCRA petition, which the Court of Common Pleas failed to do. There is state law authority supporting Petitioner's contention that a Court of Common Pleas may or ought to treat such untimely filed post sentence motions as PCRA Petitions apparently so long as such post sentence motions seeks relief appropriate under the PCRA regime. The rule is not universal that such untimely filed Post Sentence Motions must be so treated especially where the post sentence motion

3

seeks only to attack discretionary aspects of the convict's sentence something which is not apparently cognizable under the PCRA regime. Commonwealth v. Wrecks, 934 A.2d 1287, 1289 (Pa. Super. 2007) ("because Appellant's pro se filing does not request relief contemplated by the PCRA, the trial court was correct to treat Appellant's filing as a post-sentence motion and not a PCRA petition. *See Commonwealth v. Lutz*, 788 A.2d 993, 996 n. 7 (Pa.Super.2001) (holding that a filing which requests relief outside the PCRA will not be treated as a collateral petition)."). But see Commonwealth v. Taylor, 65 A.3d 462, 465–468 (Pa. Super. 2013) (criticizing Wrecks).

Instantly, Petitioner's Post Sentence Motion, which he claims should have been treated as a PCRA Petition by the state courts, did exactly what the post sentence motion in Wrecks did, namely, attack the discretionary aspects of his sentence. While Petitioner mentioned a whole litany of his dissatisfactions with what transpired during the course of the criminal proceedings, in the Post Sentence Motion, Petitioner requested as relief that the "Court in its discretion should reconsider the sentence and substantially reduce the term of imprisonment which was imposed."). Petitioner's Post Sentence Motion at ¶ 9 (attached hereto as an appendix). Accordingly, the Post Sentence Motion, even under state law, should not have been considered a PCRA Petition pursuant to Wrecks.

Petitioner has utterly failed to show that the state courts' treatment of his Post Sentence Motion was erroneous as a matter of state law. But even if he had, we note that Petitioner did not argue in the state courts that his Post Sentence Motion should be treated as a PCRA Petition. Pa. Superior Court slip op., ECF No. 19-29 at 3 ("On February 9, 2012, Appellant filed an untimely motion to modify sentence, which the trial court dismissed on February 21, 2012. Appellant did not appeal this determination or otherwise argue that the trial court should have treated this filing as a PCRA petition"). Having failed to argue in the state courts that his Post Sentence Motion was

4

a PCRA Petition, it would not be proper for this court in the first instance to re-characterize what the state courts determined under state law to be an untimely filed post sentence motion. See, e.g., Hartmann v. Carroll, 492 F.3d 478, 482 n.8 (3d Cir. 2007) ("The Delaware courts interpreted Hartmann's Rule 35(b) motion as a pure plea for leniency, and so shall we."), *abrogated on other grounds by* Wall v. Kholi, 562 U.S. 545 (2011). Accordingly, because the Post Sentence Motion was treated by the state courts as an untimely filed Post Sentence Motion and not as a PCRA Petition, we decline Petitioner's invitation to now belatedly re-characterize his Post Sentence Motion as a PCRA petition. Because the Post Sentence Motion was both untimely filed and not deemed to be a PCRA petition by the state courts, the Post Sentence Motion cannot be considered a "properly filed application for State post- conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and this is so, even if a timely filed post sentence motion can be considered a "properly filed application for State post-conviction or other collateral review."

Even if we were to answer this question in the first instance, we would hold that Petitioner's Post Sentence Motion was not a "properly filed application" because, treated as a Post Sentence Motion, it was untimely filed. Nor could the Post Sentence Motion be properly considered a PCRA Petition because it was not in the form of a PCRA Petition but in the form of a Post Sentence Motion within the contemplation of Artuz v. Bennet, 531 U.S. 4, 8 (2000) ("And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.")(footnote omitted).

5

Accordingly, for the foregoing reasons, we reject Petitioner's contention that his untimely filed Post Sentence Motion qualifies for statutory tolling. Moreover, because the Petitioner's Post Sentence Motion cannot be deemed a properly filed PCRA petition, his argument that the PCRA Petition that he filed on June 27, 2012, was merely an extension of what he calls his "first PCRA Petition" (which, in fact, was Petitioner's Post Sentence Motion) is likewise unavailing. ECF No. 63, ¶¶ 37 – 61 (arguing for equitable tolling). See Dyer v. Lavan, No. CIV.A. 1:03-CV-0128, 2005 WL 1309032, at *2 (M.D. Pa. May 31, 2005) ("A properly filed petition is 'one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.' *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir.1998). If a petitioner files an untimely application and the state court dismisses the application as time-barred, then it is not a properly filed application for tolling purposes. *Meritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003).").

**B. The Post Sentence Motion did not equitably toll the AEDPA limitations period.**

Similarly, Petitioner argues that he is entitled to equitable tolling based on his filing of the untimely Post Sentence Motion and during its pendency. ECF No. 63, ¶¶ 62 – 88. Again, we are not persuaded. As the Report correctly noted equitable tolling is appropriate only when the existence of extraordinary circumstances prevented Petitioner from filing timely and that the Petitioner acted with due diligence. ECF No. 60 at 11. Because the Post Sentence Motion was denied by the Court of Common Pleas on February 21, 2012, and Petitioner had more than enough time to file his habeas petition in this Court thereafter, i.e., at least until about July 21, 2014, Petitioner fails to carry his burden to show entitlement to equitable tolling. Davis v. Lavan, No. CIV.A. 03-6129, 2004 WL 828367, at *4 (E.D. Pa. Mar. 12, 2004), *report and recommendation adopted*, No. CIV.A. 03-6129, 2004 WL 1109758 (E.D. Pa. Apr. 30, 2004) ("Here, the late notification did not actually prevent Petitioner from filing his habeas petition because, at the time

6

defense counsel learned of the Pennsylvania Superior Court's unfavorable decision, there were still approximately 218 days remaining for Petitioner to file a timely habeas petition. Because this constituted more than enough time to file the petition, equitable tolling is not appropriate."); Mack v. Vaughan, No. CIV.A. 03-5691, 2004 WL 257387, at *4 (E.D. Pa. Jan. 30, 2004), *report and recommendation adopted sub nom.* Mack v. Vaughn, No. CIV.A. 03-5691, 2004 WL 350183 (E.D. Pa. Feb. 23, 2004) ("Here, the late notification did not actually prevent Petitioner from filing his habeas petition because, at the time defense counsel learned of the Pennsylvania Supreme Court's unfavorable decision, there were still approximately 75 days remaining for Petitioner to file a timely habeas petition. Because this constituted more than enough time to file the petition, equitable tolling is not appropriate."); Reynolds v. McLaughlin, No. 7:12–CV–140, 2013 WL 3756473, at *2 (M.D. Ga. July 15, 2013) ("equitable tolling is not appropriate here because there is no causal connection between Petitioner's counsel's purported failure to notify Petitioner about the appellate decision and the late filing of the petition. Petitioner was aware of the denial of his appeal before the end of the one-year limitation period. There were no legal impediments preventing Petitioner from filing a timely petition.").

## C. Errors on the part of counsel did not entitle Petitioner to equitable tolling.

Petitioner also argues that errors of Attorney Valsamidis in state court entitle him to equitable tolling. The Report adequately explained why the alleged errors on the part of Attorney Valsamidis did not entitle Petitioner to equitable tolling especially given that Attorney Valsamidis ceased to represent Petitioner as of the date he withdrew his appearance on January 6, 2012, more than two years before the AEDPA statute of limitations had run out. ECF No. 60 at 14 - 17.

Petitioner also argues that Attorney Goodwald's failure to appeal from the order denying his Post Sentence Motion and/or the failure of the state court to inform his of his right to appeal

7

within 30 days after the order denying his Post Sentence Motion, constitute extraordinary circumstances so as to justify equitable tolling. ECF No. 63 ¶¶ 89 – 100. However, even if Petitioner could establish that these were extraordinary circumstances, these circumstances ended, according to Petitioner's own argument, no later than date of the filing of his Amended PCRA Petition on August 11, 2012. Id. ¶ 92. This left nearly two years until July 2014 when the AEDPA statute of limitations would run out. Such alleged errors or failings with so much time remaining of the AEDPA limitations period simply did not prevent Petitioner from timely filing. Davis v. Lavan; Mack v. Vaughan; Reynolds v. McLaughlin. Even during the pendency of the PCRA petition, nothing prevented Petitioner from filing a protective petition in this Court, seeking a stay and abeyance of the habeas petition in this Court, while Petitioner exhausted his state court remedies.

### D. Petitioner has not established his actual innocence.

Lastly, Petitioner contends that he is entitled to be excused from complying with the AEDPA statute of limitations because he is actually innocent. ECF No. 63, ¶¶ 118 – 142. The Report concluded that Petitioner had not carried his heavy burden to show his actual innocence and pointed to, *inter alia*, the fact that Petitioner pleaded guilty and that he twice admitted to the shooting to a defense psychiatrist and a prosecution psychiatrist. Petitioner contends that the no jury would have heard of these facts and therefore, they cannot enter into the calculus of assessing his actual innocence claim. See id., ¶134 – 136. Petitioner is simply wrong on the law. An assessment of the effect of an actual innocence claim on a reasonable hypothetical jury takes into account all evidence, which would include the fact that Petitioner pleaded guilty and that he confessed to two psychiatrists that he actually shot the victim. Because of the focus being on establishing actual innocence as opposed to legal innocence, the court is not bound to consider

8

only the evidence that would have been properly introduced at a habeas petitioner's criminal trial. See Schlup v. Delo, 513 U.S. at 327 - 28, wherein the court held that "[i]n assessing the adequacy of petitioner's showing [of actual innocence], therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on 'actual innocence' allows the reviewing [habeas] tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." Indeed, the Supreme explained more fully what it meant by allowing a court to consider evidence not heard at trial when it declared that "[t]he habeas court must make its determination concerning the petitioner's innocence 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" Id. at 328.

AND NOW, this 17th day of April 2017, after de novo review of the record in this case including the Report and Petitioner's Objections;

IT IS HEREBY ORDERED that the Amended Petition for Writ of Habeas Corpus, is DISMISSED. A Certificate of Appealability is denied.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 60, of Chief Magistrate Judge Kelly, dated January 24, 2017, is adopted as the opinion of the Court.

The Clerk is to mark the case closed.

s/ DS Cercone
David Stewart Cercone
UNITED STATES DISTRICT JUDGE

9

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

All counsel of record via CM-ECF

TEREL DARNELL DIXON
KD7082
SCI Somerset
1600 Walters Mill Rd.
Somerset, PA 15510